## RUBLEE vs. TIBBETTS.

PLEADINGS AND PRACTICE : *Amendment of answer at trial.—When a denial of it is error.—When to be allowed on terms.*

1. Where the answer alleged a tender of a sum which the evidence showed to be one dollar less than was due, defendant, on offering proof that the whole amount due was in fact tendered, should have been allowed to amend so as to let in such proof, and protect himself from a judgment for costs ; and the refusal of such an amendment was an abuse of discretion.
2. If plaintiff had shown that the proof took him by surprise, the amendment might have been allowed only upon terms.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover $210.70, with interest, as balance due the plaintiff on account of barley sold and deliv-

ered to the defendant. The answer sets up a special agreement between the parties, by which plaintiff was to deliver to defendant barley not then cleaned, and the same was to be cleaned at defendant's elevator, the refuse returned to plaintiff, and payment made to him for the balance, at $1.55 for each fifty pounds. It then alleges that plaintiff delivered barley accordingly; that there were 17,520 pounds of the same, after it was cleaned; that the refuse was delivered to plaintiff; that defendant paid him $400 on the 12th of February, 1869; that there was then due him a balance of $142.12; that defendant tendered him that amount February 27, 1869; and that he now brought the same into court   The sum named was, in fact, paid into court upon the filing of the answer, and the plaintiff duly notified.

On the trial, defendant's evidence tended to show that the amount of cleaned barley delivered to him by plaintiff was as stated in the answer, which, at the agreed price, would be worth $543.12. It was admitted that the $400 had been paid thereon. Plaintiff's evidence tended to show that the amount of grain delivered was considerably greater by his scales. There was some conflict of testimony as to the alleged tender of $142.12. Plaintiff testified that he used fifty bags, belonging to the defendant, in delivering the barley. Defendant offered to show by his own testimony and that of several other witnesses, that plaintiff was to allow him one dollar for the use of these bags. The testimony was ruled out; and the court also refused to allow any amendment of the answer so as to allege that plaintiff used defendant's bags under an agreement to pay one dollar for such use.

Verdict for the plaintiff, for $143.12, damages. A new trial was denied; and the defendant appealed.

*Coleman & Thorp*, for appellant, contended that the refusal of the court to allow the proposed amendment was an abuse of discretion, for which the judgment

should be reversed. R. S. ch. 125, secs. 37, 40 ; *Fox River Valley R. R. Co. v. Shoyer*, 7 Wis. 365 ; *Schieffelin v. Whipple*, 10 id. 81 ; *Hitchcock v. Merrick*, 15 id. 522 ; *Danley v. Williams*, 16 id. 581 ; *Gill v. Rice*, 13 id. 549 ; *Phillips v. Jarvis*, 19 id. 204.

*Jay Maham* (with *A. M. Blair*, of counsel), for respondent, cited, *contra*, *Bean v. Moore*, 2 Chand. 44 ; *M. & M. R. R. Co. v. Finney*, 10 Wis. 388 ; *Gillett v. Robbins*, 12 id. 319.

PAINE, J. As, in case the jury believed the defendant's testimony, as the verdict shows they did, the entire costs of the action depended on the allowance of the amendment so as to enable the defendant to prove the payment of one more dollar than he had alleged, we think it was an abuse of discretion not to allow it upon some terms. With that proof, it appeared that the plaintiff had no ground whatever for the suit, and the defendant, instead of paying, ought to have recovered costs. Without that proof, his tender, upon his own testimony, was one dollar too small. With that proof, the payment and tender covered the whole debt.

Under such circumstances, the justice of the case ought not to be sacrificed by a refusal to allow the necessary amendment, even on the trial. If the question had involved merely the loss or recovery of the additional dollar, it would not have been important enough to say that the refusal of the amendment was an abuse of discretion. But where the sufficiency of a tender depended upon the fact, it assumes such a relation to the merits of the case, that it amounts to a denial of justice to refuse the amendment.

The payment of that dollar, made in the manner offered to be shown, was an item that might naturally have been overlooked in the pleadings, without subjecting the pleader to any such charge of negligence as should preclude an amendment, if negligence should

ever have that effect. And though the question of amendment is addressed to the discretion of the court, it is a legal discretion, to be exercised, as the statute evidently intends, liberally for the furtherance of justice. And where the essential justice of the case depends upon the allowance of an amendment, to refuse it, without any apparent reason, must be regarded as such an abuse of discretion as to amount to error.

It is not probable that the plaintiff could have shown that he was taken by surprise, so as to make it necessary to allow him time to get witnesses to rebut this proof. But if he had, that would have been a matter that should have regulated the terms.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.